[Cite as *State v. Mitchell*, 2022-Ohio-935.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 110702 |
| v. | : | |
| CHASE MITCHELL, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 24, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-21-658101-A, CR-20-653348-A, and CR-20-654549-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Adrienne E. Linnick, Assistant Prosecuting Attorney, *for appellee.*

Daniel J. Misiewicz, *for appellant.*

MARY EILEEN KILBANE, J.:

{¶ 1} Defendant-appellant Chase Mitchell ("Mitchell"), raising a single assignment of error, appeals from his sentence following a guilty plea, arguing that

his sentence is invalid because it was imposed under the Reagan Tokes Law and is therefore unconstitutional. For the following reasons, we affirm.

**Factual and Procedural History**

{¶ 2} This appeal stems from three separate criminal cases. On October 15, 2020, in Cuyahoga C.P. No. CR-20-653348, a Cuyahoga County Grand Jury indicted Mitchell on one count of receiving stolen property in violation of R.C. 2913.51(A), a felony of the fourth degree.

{¶ 3} On November 18, 2020, in Cuyahoga C.P. No. CR-20-654549, a Cuyahoga County Grand Jury indicted Mitchell on one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree, and one count of robbery in violation of R.C. 2911.02(A)(2), a felony of the second degree. Both counts carried one- and three-year firearm specifications.

{¶ 4} On March 19, 2021, in Cuyahoga C.P. No. CR-21-658101, a Cuyahoga County Grand Jury indicted Mitchell on one count of robbery in violation of R.C. 2911.02(A)(2), a felony of the second degree; one count of robbery in violation of R.C. 2911.02(A)(3), a felony of the third degree; one count of abduction in violation of R.C. 2905.02(A)(2), a felony of the third degree; one count of theft in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree; one count of assault in violation of R.C. 2903.13(A), a misdemeanor of the first degree; one count of misuse of credit cards in violation of R.C. 2913.21(B)(2), a misdemeanor; and one count of petty theft in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree.

**{¶ 5}** Mitchell initially pleaded not guilty to the charges in all three cases. On April 7, 2021, in Cuyahoga C.P. No. CR-21-658101, Mitchell was referred to the court psychiatric clinic for the purpose of determining his eligibility for transfer to the mental health docket. Having been found eligible for transfer, on May 5, 2021, all three cases were transferred to the mental health docket.

**{¶ 6}** On June 30, 2021, the court held a change-of-plea hearing. Mitchell agreed to plead guilty to the indictment in Cuyahoga C.P. No. CR-20-653348, one count of receiving stolen property. Mitchell also agreed to plead guilty to one count of robbery in violation of R.C. 2911.02(A)(2), amended to delete the firearm specifications in Cuyahoga C.P. No. CR-20-654549. Finally, in Cuyahoga C.P. No. CR-21-658101, Mitchell agreed to plead guilty to one count of robbery in violation of R.C. 2911.02(A)(2). In exchange for pleading guilty to these three offenses, the state agreed to dismiss the remaining counts and specifications in all three cases.

**{¶ 7}** The court explained the maximum potential penalties Mitchell faced, including the application of Reagan Tokes to his offenses. After engaging Mitchell in a Crim.R. 11 colloquy, the court accepted his guilty pleas. The court then proceeded directly to sentencing. The court heard from the assistant county prosecutor, who read statements from two victims; defense counsel, who emphasized Mitchell's mental health diagnoses and extremely low intellectual functioning; and Mitchell, who apologized to the victims and the court. The court stated that it had reviewed Mitchell's mitigation of penalty report, his criminal history, and his institutional record. Ultimately, the court sentenced Mitchell to 18

months on the receiving stolen property count and seven to 10 and a half years on each of the robbery counts, to be served concurrently, for a total sentence of seven to 10 and a half years. The court awarded Mitchell 271 days of jail-time credit and waived court costs and fines.

{¶ 8} Mitchell now appeals, presenting one assignment of error for our review.

**Legal Analysis**

{¶ 9} In his sole assignment of error, Mitchell argues that because the Reagan Tokes Law is unconstitutional, the trial court erred in imposing an indefinite sentence pursuant to the law. We disagree.

{¶ 10} Specifically, Mitchell argues that the Reagan Tokes Law violates his constitutional right to a trial by jury, his due process rights, and the separation-of-powers doctrine. Mitchell's arguments are overruled pursuant to this court's en banc decision in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, which overruled the challenges presented in this appeal to the Reagan Tokes Law enacted through S.B. 201. Therefore, we find that Mitchell's sentence pursuant to Reagan Tokes was not a violation of his constitutional rights. Mitchell's sole assignment of error is overruled.

{¶ 11} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
CORNELIUS J. O'SULLIVAN, JR., J., CONCUR


N.B. Judge Mary Eileen Kilbane joined the dissenting opinion by Judge Lisa B. Forbes and the concurring in part and dissenting in part opinion by Judge Anita Laster Mays in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.